well settled, should be resolved against the respondents, upon whom rests the burden of proof. Coffin v. Ogden, 18 Wall. [85 U. S.] 120. This rule is founded in justice and good sense. The patent is prima facie valid. It is a muniment of title. He who would overcome it must do so by a clear preponderance of evidence.

6. We are in some doubt as to the point whether the invention is not in substance only the substitution of one material for another, iron for wood, and whether, hence, there is not a want of patentability. Hotchkiss v. Greenwood, 11 How. [52 U. S.] 248. This defence is not set up in the answer, as it should have been; but, possibly, the bill shows no equity on its face, and perhaps the facts are such that the court can take judicial notice of them. Brown v. Piper, 91 U. S. 37. But in view of the decision in Smith v. Goodyear, 93 U. S. 486, we are inclined to think we ought to overrule this objection, and leave the respondents to raise the question, if they think proper to do so, in the supreme court, by appeal.

7. The infringement complained of is made out by the evidence.

Upon the whole case, then, we think there should be a decree for the complainant, which we direct to be entered, and the usual reference to commissioner to report account and damages.

[2] [Decree: This case having been brought on to be finally heard, on the pleadings and proofs at the April term of this court, 1877, before their honors Justice Swayne and Judge Welker, holding the said term of court, and the counsel for the respective parties having been fully heard thereon, and the case having been submitted on the oral arguments and full briefs by the counsel for the respective parties, and due deliberation having been thereon duly had, it is ordered, adjudged, and decreed, and this court, by virtue of the power therein vested, doth order, adjudge, and decree:

[First. That the reissued letters patent No. 4,780, issued to Theodore Comstock, Ezra Booth, and Henry F. Booth, of Columbus, Ohio, as assignees by mesne assignment, of Simon P. Graham, of London, Canada, and dated March 5, 1872, being a reissue of the letters patent No. 95,466, granted to Simon P. Graham, October 5, 1869, for improvement in carriage bodies and seats, are good and valid in law.

[Second. That the complainants are the sole and exclusive owners of all the rights granted or conferred by said reissued letters patent.

[Third. That the defendants have infringed and violated said reissued letters patent by manufacturing at Sandusky, Ohio, and selling in various parts in the United States, carriage-seats embodying the improvements described in said patent, and recited respectively in the third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth claims thereof.

[Fourth. That the said defendants do account to the said complainants for the damages sustained by the complainants, and for the profits made by the said defendants in consequence of such infringement.

[Fifth. That an account of the said damages and said profits be taken and stated by Earl Bill, Esq., who is hereby appointed special master commissioner for that purpose; and that the defendants, their attorneys, agents, servants, and employes appear before the said master from time to time, on notification from him and under his direction; and that the complainants may examine the said defendants, their officers, employes, agents, attorneys, and servants, under oath, as to the several matters pending on the said reference; and that the said defendants produce before the said master, on oath, all such deeds, contracts, specifications, papers, writings, and books as the said master shall direct, that are in their custody or under their control, or subject to their order, and that relate to said matters that shall be pending before the said master; and that the said master have all the authority and power conferred upon masters in like cases by the 77th rule prescribed by the supreme court of the United States as rules of practice of the courts of equity of the United States.

[Sixth. That a perpetual injunction issue out of and under the seal of this court against the said defendants and each of them, commanding them, their attorneys, agents, workmen, officers, servants, and employes to desist from making, using, or vending any carriage-seats containing or embodying any inventions described in said reissued letters patent, and recited in the third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth claims thereof, and from in any manner infringing upon or violating any rights or privileges granted or secured to the complainants by said reissued letters patent.

[Seventh. That the said complainants recover of the said defendants as well the damages as the profits which shall be reported by the said master herein, and that, upon the confirmation of his report, a decree shall be entered, against the defendants therefor, and also for the costs of the complainants in this suit in this court; and that the complainants have executed therefor and for the compensation of the said master, to be fixed on the coming in and confirmation of his report.

[Eighth. That the parties and master may apply on due notice to the court upon the foot of this decree for such other and further order, instructions, and directions as may be necessary.][2]

---

## Case No. 3,083.

### COMSTOCK v. SEAGRAVES.

[The case reported under above title in 1 Story, 546, is the same as Case No. 6,593.]

[2] [From 13 O. G. 230.]        [2] [From 13 O. G. 230.]

COMSTOCK (SHERMAN v.). See Case No. 12,764.

## Case No. 3,084.

### COMSTOCK v. WHEELER.

[The case reported under above title in 2 N. B. R. 561 (Quarto, 171), and 2 Am. Law T. Rep. Bankr. 87, is the same as Case No. 3,071.]

## Case No. 3,085.

### In re CONANT.

District Court, S. D. New York. July 7, 1862.

SETTING ASIDE SALE BY ASSIGNEE IN BANKRUPTCY.

In 1858, the official assignee in bankruptcy of Conant conveyed certain land in Illinois to one Brown, who conveyed it to one Jones. One Taggard had bought the same land in 1843, and obtained a deed of it, and had gone into possession of it, and held it until he died, in 1851. His heirs, having sued Jones in trespass, in Illinois, to establish their title to said land, petitioned the district court, in 1861, for relief against the deed of the assignee. The assignee and Brown and Jones were cited to answer. The court found that it had been induced to order the sale by the assignee under the impression on the part of the court that the land was without value, and that the sale was to be made only to relieve the land in the hands of Taggard from any cloud or technical infirmity of title; that the court had given the title gratuitously to a party who might use it in fraud of the estate of the bankrupt or of an honest purchaser of it; and that the order of sale ought not to stand, but should be rescinded, as having been obtained by a party cognizant of all the facts impeaching its equity and justice.

The above state of facts was recited in an order which the court made July 7, 1862, vacating and declaring void the order of sale made in 1858, and declaring null and void the deed from the assignee to Brown, and ordering the assignee and Brown and Jones to deliver the deed to the clerk of the court to be cancelled.

[Cited in Re King, 3 Fed. 842; Re Hyde, 6 Fed. 592.]

[NOTE. Nowhere reported; opinion not now accessible. The above statement of the case and the decision were taken from 6 Fed. 592.

[Prior to the decree herein, on a question adjourned from the district court, as to whether the limitation of two years in the eighth section of the bankrupt act applied to the case at bar, the circuit court held that it did not. Case No. 3,086, next following.]

## Case No. 3,086.

### In re CONANT.

[5 Blatchf. 54.][1]

Circuit Court, S. D. New York. May 19, 1862.

LIMITATION OF SUITS AGAINST ASSIGNEE IN BANKRUPTCY.

1. The two years' limitation in regard to the bringing of suits by or against an assignee of a bankrupt, prescribed in the 8th section of the bankruptcy act of August 19, 1841 (5 Stat. 446), applies only to suits growing out of disputes in respect to property and rights of property of the bankrupt, which come to the hands of the assignee, and to which adverse claims existed while in the hands of the bankrupt and before the assignment.

[Cited in Smith v. Crawford, Case No. 13,030; Walker v. Towner, Id. 17,089.]

2. Such limitation has no reference to suits growing out of the dealings of the assignee with the estate after it comes into his hands.

[Cited in Phelan v. O'Brien, 13 Fed. 657.]

This was a question adjourned into this court by the district judge, for hearing and determination, under the 6th section of the bankruptcy act of August 19, 1841 (5 Stat. 445). A petition was filed in the district court, by M. T. Taggart and others, for the purpose of vacating an order made on behalf of the general assignee of Frederick J. Conant, a bankrupt, for the sale of a certain lot of land in the state of Illinois, as belonging to the estate of the bankrupt, on the ground that it was made through inadvertence and misapprehension of a true statement of the facts, without notice to the petitioners or to the person whom they represent, and to his or their prejudice. The purchaser of the lot under the sale by the assignee appeared and opposed the petition. The petitioners claimed title to the lot under a prior sale, by an order of the chancellor of the state of New York, upon a creditor's bill.

[For a statement of the facts in the case in the district court, see Case No. 3,085, next preceding.]

NELSON, Circuit Justice. It is not important to state the facts relied on in the petition, to maintain it upon the merits, as the only question which has been adjourned to this court by the district court for decision is, whether or not the short bar of two years' limitation to suits, prescribed in the 8th section of the bankruptcy act, applies to the case. That section provides, that the circuit court shall have concurrent jurisdiction with the district court of all suits at law and in equity, which may and shall be brought by any assignee of the bankrupt, against any person or persons claiming an adverse interest, or by such person against such assignee, touching any property, or rights of property, of said bankrupt, transferable to, or vested in, such assignee; and no suit at law or in equity shall, in any case, be maintainable by or against such assignee, or by or against any person claiming an adverse interest touching the property and rights of property aforesaid, in any court whatsoever, unless the same shall be brought within two years after the declaration and decree of bankruptcy, or after the cause of suit shall first have accrued.

It is obvious, from a careful perusal of this section, that the limitation applies only to suits growing out of disputes in respect to property and rights of property of the bankrupt which come to the hands of the assignee, and to which adverse claims existed

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]